**Martin Guerrero SOUZA, Petitioner-Appellant,**

v.

**Walter E. CRAVEN, Warden, Respondent-Appellee.**

**No. 23905.**

United States Court of Appeals, Ninth Circuit.

June 1, 1970.

Martin Guerrero Souza in pro per. Rosalie Souza, Gonzales, Cal., for appellant.

Thomas C. Lynch, Atty. Gen. of California, Lawrence Mansir, Deputy Atty. Gen., San Francisco, Cal., for appellee.

Before HAMLIN, ELY and CARTER, Circuit Judges.

HAMLIN, Circuit Judge.

Martin Guerrero Souza, appellant herein, was convicted in a California state court for two counts of violation of section 11501, California Health and Safety Code—sale of heroin. His conviction was affirmed by the Court of Appeal, First Appellate District, in an unreported opinion, and the California Supreme Court

---

declined to review. His petition for a writ of habeas corpus in the United States District Court for the Northern District of California was denied, and he filed a timely appeal to this court.

Petitioner makes three contentions. First, he contends that entrapment was established as a matter of law. Second, he claims that the prosecution made knowing use of perjured testimony at his trial. Third, he claims that allowing the informer-agent to testify as to statements made by petitioner in the course of the sale violated petitioner's Fifth and Sixth Amendment rights.

■ The district court had before it, as do we, the record of petitioner's state court trial. This record clearly establishes that the question of entrapment was disputed and was properly submitted to the jury which found against appellant. This court has said in Enciso v. United States, 370 F.2d 749 (9th Cir. 1967), that the defense of entrapment can be established as a matter of law only where the evidence is substantially undisputed.

■ An examination of the record discloses no support for appellant's second contention that there was knowing use of perjured testimony. The district judge in his order denying appellant's petition said,

"After consideration of the controlling cases, after review of the testimony alleged by the petitioner to constitute perjury, and after review of the entire record, including transcripts of the grand jury and trial testimony, this Court is unable to find any basis for a finding that the testimony of which petitioner complains was in fact perjured, or that it in any way tainted the trial."

We agree with that statement.

■ Appellant's third contention was answered in Hoffa v. United States, 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966).

Judgment affirmed.